

**FILED**
**JULY 2, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CAROL MARIE STUTZKE, | ) | No. 39801-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSICA LEIGH COX, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jessica Leigh Cox appeals the entry of a domestic violence protection order (DVPO) restraining her from contact with her mother. We affirm.

FACTS

Jessica Leigh Cox is the adult daughter of Carol Marie Stutzke. In May 2023, Ms. Stutzke petitioned for a DVPO against Ms. Cox. At that time, Ms. Cox was living with her parents after a divorce. In the petition, Ms. Stutzke described multiple episodes of Ms. Cox becoming angry and violent.

No. 39801-3-III
*Stutzke v. Cox*

On May 25, 2023, after a hearing on the petition,[1] the trial court issued a one-year DVPO restraining Ms. Cox from contact with Ms. Stutzke.

Ms. Cox timely appealed.

ANALYSIS

Ms. Cox contends the trial court erred when it entered the DVPO because she did not know she could request an enlargement of time under CR 6. She also contends her mother's petition contained inadmissible hearsay. We reject her arguments.

First, Ms. Cox asks us to reverse the DVPO because she needed more time to prepare her defense and did not know she could request more time under CR 6. She seems to argue the trial court should have recognized she needed more time to respond.

CR 6 provides:

> **(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect . . . .

We have no record of Ms. Cox arguing to the trial court for it to continue the hearing to give her time to respond. In general, we decline to review claims of error not

---

[1] The hearing transcript is not in the record.

2

argued below.  RAP 2.5(a).  Ms. Cox does not provide us any argument for not applying this general rule.  We therefore decline to review this unpreserved claim of error.

Second, Ms. Cox argues the trial court relied on impermissible hearsay evidence contained in her mother's petition.  However, the rules of evidence need not be applied in proceedings for protection orders.  ER 1101(c)(4).  Thus, even if the trial court considered hearsay evidence, its actions would not constitute error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Fearing, J.                                               Pennell, J.

3